IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, Plaintiff, vs. GUARANTY BANK & TRUST COMPANY, Defendant. | No. C14-0057 RULING ON MOTION TO AMEND |

This matter comes before the Court on the Motion to Amend Its Answer and Assert Compulsory Counterclaims (docket number 14) filed by Defendant Guaranty Bank & Trust Company ("Guaranty Bank") on September 5, 2014, the Resistance (docket number 15) filed by Plaintiff Travelers Casualty and Surety Company of America ("Travelers") on September 18, and the Reply (docket number 17) filed by Guaranty Bank on September 25. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. PROCEDURAL HISTORY

On April 30, 2014, Travelers filed a complaint seeking judgment against Guaranty Bank. Acting in its capacity as the fidelity insurer of Newell Machinery Company, Inc., Travelers was required to pay Newell $232,531.94 for losses incurred when a Newell employee converted for his own purposes checks payable to Newell. Travelers claims that the loss resulted from Guaranty Bank's failure to act in good faith and in accordance with reasonable commercial standards, and Guaranty Bank aided and abetted the employee's breach of fiduciary duty.

On July 2, 2014, Guaranty Bank filed its Answer, denying the material allegations and adding a laundry list of 14 affirmative defenses. On September 5, Guaranty Bank filed

the instant motion, asking that it be permitted to amend its answer to include four additional affirmative defenses and two compulsory counterclaims. Travelers argues that the proposed amendments are untimely, and that the counterclaims are futile in any event.

## II. DISCUSSION

FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) instructs the court to "freely give leave [to amend] when justice so requires." The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party does not, however, have an absolute or automatic right to amend. *U.S. ex rel Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). Denial of leave to amend may be justified "by undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party." *U.S. ex rel Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006). Here, Travelers argues that the proposed amendments are untimely and, furthermore, the proposed counterclaims are futile.

### A. Are the Proposed Amendments Timely?

On July 17, 2014, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. The parties agreed to an August 29, 2014 deadline for amending pleadings. At Guaranty Bank's request, and with the consent of Travelers, the Court extended the pleadings deadline to September 5, 2014. The instant motion to amend was filed on the deadline established by the Court.

Travelers asserts that notwithstanding Guaranty Bank's compliance with the Court-ordered deadline for amending pleadings, the proposed amendments are untimely, citing *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218 (8th Cir. 1984). The facts in *Williams* are clearly distinguishable from the instant action. In *Williams*, the plaintiff "filed her motion to amend her complaint some fourteen months after filing the original complaint, six days after the discovery cutoff date was set by the district court had passed and less than three weeks before the trial date." *Id.* at 224. Here, Guaranty Bank has

*complied* with the pleadings deadline established by the Court, the discovery deadline is nearly six months away, and the trial ready date is more than ten months from now.

In claiming that the counterclaims are time-barred, Travelers also cites FEDERAL RULE OF CIVIL PROCEDURE 13(a)(1), which states:

> A pleading must state as a counterclaim any claim that — at the time of its service — the pleader has against an opposing party if the claim:
> (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
> (B) does not require adding another party over whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a)(1). That is, Travelers argues that because Guaranty Bank did not include its counterclaims when it filed its initial answer on July 2, it cannot amend to include a counterclaim on a later date. In support of its argument, Travelers cites *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974). There, the Court discussed the compulsory counterclaim rule generally, but did not consider the issue presented here. *United States v. Dico, Inc.*, 136 F.3d 572 (8th Cir. 1998) — the other case cited by Travelers — is also unavailing.

Guaranty Bank argues that an amendment to add a counterclaim is governed by RULE 15. I agree. In the 2009 Amendments to the RULES, RULE 13(f) — which previously addressed amendments to add counterclaims — was deleted.[1] According to the advisory committee notes for the 2009 Amendments to RULE 13, "[a]n amendment to add a counterclaim will be governed by RULE 15." FED. R. CIV. P. 13, Advisory Committee Notes — 2009 Amendments. Similarly, the advisory committee notes for RULE 15 state

---

[1] Prior to its deletion on December 1, 2009, RULE 13(f) stated:
> The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires.

3

that "[a]brogation of RULE 13(f) establishes RULE 15 as the sole rule governing amendment of a pleading to add a counterclaim." FED. R. CIV. P. 15, Advisory Committee Notes — 2009 Amendments.

Because the instant motion to amend was filed on the deadline established by the Court for that purpose, and because leave to amend should be freely given when justice so requires, the Court finds that the motion is timely.

### B. Are the Proposed Counterclaims Futile?

Next, Travelers argues that the motion to amend should be denied because the proposed counterclaims are futile. Leave to amend may be denied due to the "futility of the amendment." *U.S. ex rel Joshi*, 441 F.3d at 557. *See also Fairview Health*, 413 F.3d at 749 ("futility is a valid basis for denying leave to amend"). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). Accordingly, it is necessary to review whether Guaranty Bank's proposed counterclaims would withstand a motion to dismiss.

### 1.   Negligent Hiring, Supervision & Retention

In its first proposed counterclaim, Guaranty Bank asserts that Newell Machinery (Travelers' assignor) was negligent in its hiring, supervision, and retention of the employee who wrongfully converted Newell Machinery checks for his own purposes. Specifically, Guaranty Bank asserts, among other things, that Newell Machinery failed to perform necessary background checks on the employee, failed to properly supervise the employee as controller, failed to discover the employee's illegal activity, failed to audit its own accounts over a 20-month period when the thefts were occurring, failed to establish a

4

means of tracking its accounts, and failed to prevent the employee from taking actions to hide his illegal activity.

In response, Travelers does not assert the claim lacks the specificity required by *Twombly* and *Iqbal*.[2] Rather, Travelers asserts that "[b]ecause the rights, duties and liabilities of parties affected by the negotiation of a check have been fully described in Article 3 of the Iowa UCC, Guaranty Bank is precluded from resorting to common law principles to seek remedies against Travelers or its insured that are either addressed by the UCC or are inconsistent with the UCC."[3] Alternatively, Travelers argues that the "numerous allegations of negligent conduct" contained in the proposed counterclaim "fails utterly to establish that [Newell Machinery] owed Guaranty Bank a duty of care which is the first step to establish any negligence action."[4]

In its brief reply, Guaranty Bank asserts that the counterclaim complies with the notice pleading standard under RULE 8(a)(2), and argues that the remaining legal issues raised in Travelers' resistance are premature. I agree that the proposed counterclaim meets the pleading requirements of *Twombly/Iqbal*. Furthermore, I agree that the issue of whether the UCC precludes Guaranty Bank from "resorting to common law principles" is more appropriately addressed with a fully-developed factual foundation. That is, the Court concludes that Travelers' argument that the UCC prohibits Guaranty Bank from pursuing any common-law remedies is best addressed in a motion for summary judgment, after appropriate discovery and full briefing. I reach the same conclusion regarding

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[3] Travelers Resistance (docket number 15) at 3-4.

[4] *Id.* at 5.

Travelers' argument that any negligence claim must fail because Newell Machinery did not owe Guaranty Bank any duty of care.

### 2. *Unjust Enrichment*

In its second proposed counterclaim, Guaranty Bank asserts that because Newell Machinery has been reimbursed for its loss by Travelers, Newell Machinery "has been unjustly enriched by receiving the benefit of payment for damages for which [Newell Machinery] itself was a direct proximate cause."[5] In its resistance, Travelers asserts that "[b]ecause Guaranty Bank has not and cannot allege any facts that it has conferred a benefit upon [Newell Machinery], it fails to state a claim for unjust enrichment claim [*sic*] against [Newell Machinery] or Travelers."[6] The Court finds that this issue is more properly addressed in a motion for summary judgment following full development of the facts.

### *III. SUMMARY*

In summary, the Court concludes that Guaranty Bank's motion to amend is timely. The allegations contained in the proposed counterclaims meet the pleadings requirement of RULE 8(a)(2). The legal issues of whether the counterclaims are precluded by the UCC, whether Newell Machinery owed a duty of care toward Guaranty Bank, and whether, as a matter of law, Newell Machinery was not unduly enriched, are best addressed by an appropriate motion for summary judgment following full development of the facts during discovery. Accordingly, the Court finds that the motion to amend should be granted.[7]

---

[5] Proposed Amended Answer (docket number 14-1) at 15, ¶ 66.

[6] Travelers Resistance (docket number 15) at 8.

[7] In footnote 1 of its reply, Guaranty Bank states that the proposed amended answer attached to the motion contains "typographical omissions," which it has included in a "corrected version" of the proposed amended answer attached to the reply. The Court
(continued...)

## IV. ORDER

IT IS THEREFORE ORDERED that the Motion to Amend (docket number 14) filed by Guaranty Bank is **GRANTED**. The Clerk of Court is directed to detach and separately docket the corrected version of Guaranty Bank & Trust Company's Amended Answer, Affirmative Defenses and Counterclaims (docket number 17-1) attached to its reply.

DATED this 7th day of October, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA

---

[7](...continued)
finds that Guaranty Bank should be permitted to file the "corrected version."